ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 11 2004

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STACEY BROOKS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-1686-B |
| | § | |
| WELLS FARGO HOME MORTGAGE | § | |
| | § | |
| Defendant. | § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

This is a civil action brought by Plaintiff Stacey Brooks, appearing *pro se* and *in forma pauperis*, against Defendant Wells Fargo Home Mortgage to enjoin defendant from conducting a non-judicial foreclosure sale of her home. As part of her complaint, plaintiff seeks an *ex parte* temporary restraining order to prevent "immediate and irreparable loss, damage, or injury" that will occur upon such foreclosure. For the reasons stated herein, the application should be denied.

An application for temporary restraining order is governed by the same factors as an application for preliminary injunction. *See Hunt v. Bankers Trust Co.*, 646 F.Supp. 59, 62 n.1 (N.D. Tex. 1986) (Sanders, J.). In order to obtain temporary injunctive relief, the movant must establish four factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the plaintiff must outweigh the threatened injury to the defendant; and (4) the granting of injunctive relief must not disserve the public interest. *Harris County, Texas v. Carmax Auto Superstores, Inc.*, 177 F.3d 306, 312 (5th Cir. 1999), citing *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994). Conclusory allegations are not sufficient to support a claim for injunctive relief.



*See Hancock v. Essential Resources, Inc.*, 792 F.Supp. 924, 926 (S.D.N.Y. 1992). Rather, strict proof of each element is required before a preliminary injunction may issue. *See Plains Cotton Cooperative Ass'n of Lubbock, Texas v. Goodpasture Computer Services, Inc.*, 807 F.2d 1256, 1261 (5th Cir.), *cert. denied*, 108 S.Ct. 80 (1987).

Plaintiff contends that she will suffer irreparable injury, loss, or damage if defendant is not immediately enjoined from foreclosing on her home. In support of this claim, plaintiff alleges that "I have not been served and or notified with relief options eligible to me to protect my FHA/HUD mortgage property. I will lose my homestead (home) without this protection of the court." (Plf. Decl. at 1, ¶ 3).[1] These conclusory allegations are insufficient to justify emergency injunctive relief. Accordingly, plaintiff's application for a temporary restraining order should be denied.

DATED: August 11, 2004.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that the declaration attached to plaintiff's complaint is not signed as required by 28 U.S.C. § 1746.